IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MAISHA SYKES, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00794-O-BP |
| | § | |
| AMERICAN AIRLINES, | § | |
| | § | |
|    Defendant. | § | |

## **ORDER**

Before the Court is Plaintiff's Request for a Court Appointed Attorney to Review Joint Report filed December 16, 2022. ECF No. 40. After review of the pleadings and applicable legal authorities, the Court **DENIES** the Motion.

There is no automatic right to the appointment of counsel in a civil action filed by a litigant proceeding *pro se*. *E.g. Hulsey v. State of Tex.*, 929 F.2d 168, 172 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). However, where a case presents exceptional circumstances, counsel may be appointed. *Ulmer*, 691 F.2d at 212–13. In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant:

    (1) the type and complexity of the case;

    (2) whether the plaintiff is capable of adequately representing himself;

    (3) the plaintiff's ability to adequately investigate and present his case;

    (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and,

(5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination.

*Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer*, 691 F.2d at 213.

Review of Plaintiff's pleadings and motions reveals that she has adequately presented the operative facts underlying her claims for relief. Her issues are understandable, and her command of the English language is sufficient. The motions filed by Plaintiff further reflect a sufficient understanding of Court procedures. Thus, Plaintiff seems capable of adequately representing herself in this litigation. Moreover, there are no complex issues of fact or law which would require the skill of an attorney to litigate. At the present time, it does not appear likely that appointment of counsel will shorten the litigation process, nor will it assist in a just resolution of the complaint.

Although Plaintiff has a difficult burden to meet, all *pro se* plaintiffs who bring civil actions face a similar challenge. Plaintiff filed this case without being represented by an attorney and has prosecuted the case since then without one. The Court concludes that she has failed to establish exceptional circumstances that would warrant appointment of counsel at this time.

It is so **ORDERED** on December 19, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE