IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MAISHA SYKES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00794-O-BP |
| | § | |
| AMERICAN AIRLINES, | § | |
| | § | |
| *Defendant*. | § | |

## JOINT REPORT OF CONFERENCE

Pursuant to this Court's Order [Doc. #28], Plaintiff Maisha Sykes ("**Plaintiff**" or "**Sykes**") and Defendant American Airlines, Inc. ("**Defendant**" or "**American**") (each, a "**Party**," and together, the "**Parties**") conferred regarding the contents of the Rule 26(f) conference on December 21, 2022. The Parties hereby submit this Joint Report of Conference[1] as follows:

**1. A brief statement of the claims and defenses;**

Plaintiff's Position[2]:

Plaintiff alleges she was subjected to unlawful discrimination on the basis of her race and retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964 and the Texas Commission of Human Rights Act.

Defendant's Position:

Defendant asserts Plaintiff failed to timely exhaust her administrative remedies on her TCHRA or Title VII claims. Specifically, the latest conceivable date of any alleged discrimination in this case was November 11, 2019, the date American Airlines terminated Sykes's employment; accordingly, her deadline to file a Charge of Discrimination under the TCHRA expired on May 11, 2020, and her deadline to file a Charge of Discrimination under Title VII expired on September 7, 2020. Sykes, however, did not complete a Charge of Discrimination until October 21, 2020.

---

[1] Pursuant to the Parties' conference, Plaintiff agreed as to all deadlines set forth herein but failed to provide the matters set forth in #1 and #16 herein by the deadlines set forth by the Court pursuant to the Orders dated October 31, 2022 [Doc. #28] and November 18, 2022 [Doc. #36], respectively.

[2] Pursuant to the Parties' conference, Plaintiff agreed as to all deadlines set forth herein but failed to provide the matters set forth in #1 and #16 herein by the deadlines set forth by the Court pursuant to the Orders dated October 31, 2022 [Doc. #28] and November 18, 2022 [Doc. #36], respectively.

Therefore, Plaintiff failed to timely exhaust her administrative remedies on her federal or state claims, thus all claims in her Complaint are time-barred. Moreover, Plaintiff fails to allege an action or inaction by Defendant which amounts to unlawful discrimination or retaliation, as set forth in Defendant's pending Motion to Dismiss [Doc. #29].

2. **A proposed time limit to file motions for leave to join other parties[3];**

    The Parties agree all motions for leave to join additional parties should be filed by February 6, 2023.

3. **A proposed time limit to amend the pleadings;**

    The Parties agree all amended pleadings be filed by May 8, 2023.

4. **Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days);**

    All motions should be filed on or before November 2, 2023.

5. **A proposed time limit for initial designation of experts;**

    The Party with the burden of proof shall designate expert witnesses, if any, no later than May 19, 2023.

6. **A proposed time limit for responsive designation of experts;**

    Rebuttal experts shall be disclosed on or before July 19, 2023.

7. **A proposed time limit for objections to experts (*i.e., Daubert* and similar motions);**

    Objections to designated experts shall be filed no later than August 21, 2023.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert**

---

[3] Pursuant the Parties' Joint Conference, Plaintiff and Defendant have conferred and agreed to the remaining deadlines set forth herein with the exception of the mediator set forth within #16 *infra*.

> **discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

The Parties agree that discovery will be needed as to both liability and damages.

The Parties estimate that all discovery should be completed in approximately nine (9) months, to allow sufficient time to conduct written discovery and take depositions. Accordingly, the Parties propose the deadline to complete discovery be September 21, 2023.

The Parties do not believe that discovery should be conducted in phases or limited to or focused upon particular issues.

**9. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitation should be imposed;**

None.

**10. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

The Parties agree to produce all ESI in either pdf or native format, at the discretion of the producing Party.  However, should either Party notify the other that metadata of any ESI produced as pdf may be relevant to any claim or defense at issue, the producing Party shall, within 30 days unless otherwise agreed by the Parties, reproduce such ESI in native format; such notification shall, however, specifically identify the ESI to be reproduced (*e.g.,* by Bates number).

The Parties have agreed to cooperate in the development of appropriate search methodology and criteria, where appropriate, including the potential use of computer-assisted search methodologies and other analytics-based search and filtering tools, regarding the discovery of ESI.

No disputes regarding the disclosure or discovery of ESI are known to the Parties at this time.

**11. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;**

The Parties anticipate the negotiation and filing of a Joint Motion for Entry of Agreed Protective Order. The Parties agree that any disclosure of attorney-client privilege or work product protected information will be inadvertent and will not operate as a waiver of any applicable privilege. The Parties further agree that the inadvertent production of any protected or confidential information can be withdrawn and that the procedures referred to in Fed. R. Evid. 502 will be utilized.

**12. A proposed trial date, estimated number of days required for trial and whether a jury has been demanded;**

The Parties propose the trial of this matter occur on or after March 4, 2024.

The Parties estimate the trial of this matter will last three (3) days. Plaintiff has timely demanded a trial by jury.

**13. A proposed date for further settlement negotiations;**

The Parties agree to mediate this case on or before June 21, 2023.

**14. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

Neither Party has objected or proposed any modification to Rule 26 initial disclosures. The Parties have agreed to exchange Rule 26(a)(1) disclosures on or before

January 4, 2023, *i.e.,* within 14 days of the Parties' conference as required by Rule 26(a)(1)(C).

**15. Whether the parties will consent to trial (jury or non-jury) before United States Magistrate Judge Hal R. Ray, Jr. (If all parties consent, please submit the consent form provided below to: Consent_TXND@txnd.uscourts.gov. THE FORM SHOULD NOT BE FILED ON THE ELECTRONIC CASE FILING (ECF) SYSTEM). Before responding to this item, counsel and the parties should carefully review the provisions of 28 U.S.C. § 636(c) and, specifically, § 636(c)(3). Due to the size of the Court's docket, the district judge typically imposes stringent time limits on parties and rarely provides special trial settings, while the magistrate judge's docket allows for greater flexibility for the parties;**

The Parties do not consent to trial by Magistrate.

**16. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the party recommends mediating the case;**

The Parties believe early resolution of this case is possible, but the Parties believe mediation of this matter would be most productive after limited discovery.

Defendant has proposed mediation of this matter be conducted by Courtenay Bass of Gilbert Mediation Group, 12001 N. Central Expressway #650, Dallas, TX 75243, (214) 303-4500. During the Parties' Rule 26(f) conference, Plaintiff offered no objection to Ms. Bass but requested an opportunity to review Ms. Bass's credentials prior to agreeing to her appointment as mediator in this matter. As of the date of this filing, Plaintiff has presented no objection to Ms. Bass's appointment as mediator nor has Plaintiff offered an alternative mediator to date.

**17. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly trial preparation;**

None.

**18. Whether a conference with the Court is desired; and**

Not at this time.

**19. Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Rules 16(b)-(c) and 26(c).**

The Parties request the Court issue a scheduling order pursuant to FED. R. CIV. P. 16(b). The Parties also anticipate the negotiation and filing of a Joint Motion for Entry of Agreed Protective Order for entry by the Court pursuant to FED. R. CIV. P. 26(c).

Respectfully Submitted,

<table>
<tr><td>

*/s/ Maisha Skyes*[4]
Plaintiff Maisha Sykes
*Pro Se*
637 Samuels Ave #1059
Fort Worth, TX 76102
Telephone: 310-598-8438
*mbsstyles@gmail.com*

</td><td>

*/s/ Theanna Bezney*
Dan Farrington
(Member of N.D. Tex. Bar)
FISHER & PHILLIPS LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel: (301) 951-1538
Fax: (301) 880-5030
*dfarrington@fisherphillips.com*

Theanna Bezney
Texas Bar No. 24089243
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX  75201
Tel: (214) 220-9100
Fax: (214) 220-9122
*tbezney@fisherphillips.com*

Russell D. Cawyer
Texas Bar No. 00793482
Taylor J. Winn
Texas Bar No. 24115960
KELLY HART & HALLMAN LLP
201 Main Street, Ste. 2500
Fort Worth, Texas 76102
Tel: (817) 878-3562
Fax: (817) 335-2820
*russell.cawyer@kellyhart.com*
*taylor.winn@kellyhart.com*

**COUNSEL FOR DEFENDANT AMERICAN AIRLINES, INC.**

</td></tr>
</table>

---

[4] Signed with permission except with respect to Nos. 1 and 16, as further detailed *supra*.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2022, a true and correct copy of the foregoing was filed via the Court's CM/ECF system which will provide notification hereof to all parties of record via email, as follows:

Plaintiff Maisha Sykes, *Pro Se*
637 Samuels Ave #1059
Fort Worth, TX 76102
*mbsstyles@gmail.com*

*/s/ Theanna Bezney*
Theanna Bezney
