IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MAISHA SYKES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00794-O-BP |
| § | |
| AMERICAN AIRLINES, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Rule 12(b)(6) Motion to Dismiss and Brief in Support filed by Defendant American Airlines ("American") on October 31, 2022 (ECF No. 29); Response to the Motion filed by Plaintiff Maisha Sykes ("Sykes") on December 9, 2022 (ECF No. 37); and American's Reply to the Motion, filed on December 12, 2022 (ECF No. 38). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion and **DISMISS** this case **with prejudice.**

**I.    BACKGROUND**

Sykes, an African American woman, was employed as a flight attendant for American until her termination on November 11, 2019. ECF No. 3 at 7. Sykes alleges that on June 29, 2019, while flying back to Dallas, flight attendant Rhonda Curtwright ("Curtwright"), a Caucasian woman, said to her, "I don't know why American hires you people," and "I don't understand you people." *Id*. at 8. Sykes reported the comments to her supervisor and union representative on the same day. *Id*. at 7-8; ECF No. 8 at 53-54. At some time between mid-August and early-September 2019, Sykes met with her supervisor, union representative, and Flight Service Manager Victor Rendon ("Rendon") to discuss the discriminatory statements further. *Id*. at 8. At that time, Rendon

informed Sykes that another flight attendant had reported that she was "dangerous" and "angry." *Id*. Rendon revoked Sykes's employee badge pending further investigation and, on November 11, 2019, American terminated Sykes's employment. *Id*.

On October 21, 2020, Sykes filed a Charge of Discrimination with the Fort Worth Human Relations Commission and with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 8 at 81-83. Sykes alleged that American discriminated against her because of her race and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA"). ECF No. 3 at 7. After receiving her right-to-sue letter from the EEOC, Sykes filed this case in the Dallas Division of the Court on May 17, 2022. *Id*. at 2; ECF No. 1. Her case was then transferred to the Fort Worth Division on September 6, 2022. ECF Nos. 18. American moved to dismiss Sykes's case, and its Motion is now ripe for review.

## II.     LEGAL AUTHORITIES

### A.     12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### B. Pro Se Parties

The Court subjects a pro se party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed pro se ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing Bounds v. Smith, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### III. ANALYSIS

#### A. Sykes's Title VII claim is time-barred.

Before a plaintiff can sue in federal court for violations of Title VII, she must first file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996). A plaintiff must file a complaint with the EEOC within 180 days of the alleged incident of discrimination or risk dismissal of her claims. *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979) (holding that because plaintiff did not file a complaint with the EEOC within 180 days, her suit was time barred under 42 U.S.C. s 2000e-5(e) and was properly

dismissed for want of jurisdiction). However, if the discriminatory practice occurred in a state with a fair employment agency that grants relief, Title VII permits the complainant to file her charge with the state or local agency. *Fort Bend Cnty.*, *Texas* v. *Davis*, 139 S. Ct. 1843, 1846 (2019). The complainant then has 300 days following the challenged practice, or 30 days after receiving notice that state or local proceedings have ended, whichever is earlier, to file a charge with the EEOC. *Id.*

Proper administrative exhaustion is not a technicality or procedural "gotcha," but rather an integral due process protection that affords defendants fair notice of potential claims. *McClain*, 519 F.3d at 272. A plaintiff must exhaust her available remedies "before seeking judicial relief" *Id.* at 273. A plaintiff's *pro se* status does not alter the analysis or otherwise turn this requirement into a suggestion. *Cruce*, 703 F.2d at 863; *Taylor*, 296 F.3d at 378-79; *see Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997).

American terminated Sykes on November 11, 2019, which is the last date of any possible discriminatory conduct against Sykes by American. ECF No. 3 at 8. Because the alleged incident occurred in Texas, which has a state fair employment agency that grants relief to remedy employment discrimination, Sykes had until September 6, 2020, to file a complaint with the EEOC. *See Mennor v. Fort Hood Nat. Bank*, 829 F.2d 553, 554-55 (5th Cir. 1987) (holding that the Texas Commission on Human Rights [now the Texas Workforce Commission] is a state agency with authority to grant relief for unlawful employment practices). Sykes, however, did not file a proper Charge of Discrimination with the EEOC until October 21, 2020, 345 days after any alleged discriminatory act could have occurred. ECF No. 8 at 81. Therefore, Sykes's Title VII claim is time-barred absent any tolling exceptions.

Equitable tolling is to be applied "sparingly." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The plaintiff has the burden to provide justification for the tolling. *Id.* The Fifth Circuit has described three bases for equitable tolling. *Id.* A plaintiff may show the pendency of a suit between the same parties in the wrong forum, the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them, or the EEOC's misleading the plaintiff about the nature of her rights. *Id.* This list, however, is not exhaustive and leaves the door open for a court to recognize other exceptions. *Id.* Additionally, the Court is "more forgiving when a claimant or her attorney has exercised due diligence in pursuing her right." *Id.*

Sykes filed a Notice of EEOC Inquiry, Notice of Filing Charge of Discrimination Documents, and Notice of Proof of Timeliness on December 30, 2022. ECF Nos. 44-46. Given Sykes's *pro se* status, the Court considers these filings as part of her response to the Motion. The documents show that Sykes initially tried to file a charge with the EEOC in a timely manner. Sykes first filed a Charge of Discrimination on July 14, 2020, with the EEOC's Dallas office, which transferred her claim because Sykes worked at a building that was within the Fort Worth city limits and told her attorney to refile in Fort Worth. ECF No. 46 at 5, 6. Despite the warning, Sykes once again re-filed her Charge of Discrimination with the Dallas EEOC office on August 26, 2020. *Id.* at 5, 6, 13. The Dallas EEOC office again communicated with Sykes's attorney on August 27, 2020, to notify her that it had already transferred Sykes's case to the Fort Worth EEOC office and directing her to re-file Sykes's charge in Fort Worth. *Id.* at 5, 6.

The EEOC office closest to where the discrimination occurred investigates an employee's charge of discrimination. *How to File a Charge of Employment Discrimination*, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/how-file-charge-employment-dis-

crimination (last visited February 7, 2023). However, despite being told multiple times through her attorney that she needed to re-file her Charge of Discrimination with the Fort Worth office, Sykes waited until October 21, 2020, to re-file her case in Fort Worth, almost two months after the Dallas EEOC officer told her to bring her claim there. These facts do not show an extraordinary reason to support equitable tolling or that events outside of her control caused Sykes to not file her discrimination charge in a timely fashion. Absent such a showing, equitable tolling is not warranted. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256-57 (2016); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

The undersigned is aware of only one federal case in which the court tolled the statute of limitations after the plaintiff filed a complaint in the wrong government office. *See Butler v. Schapiro*, 839 F. Supp. 2d 252, 256 (D.D.C. 2012). In *Butler*, the plaintiff filed his complaint with the wrong government office. *Id*. However, upon discovery of the mistake, he promptly refiled the complaint with the correct office the next day. *Id*. The court found that the statute of limitations was equitably tolled because the plaintiff acted swiftly to correctly file the complaint as soon as he discovered the error. *Id*.

Unlike the short period of time in *Butler*, Sykes waited two months after the EEOC notified her of the error to refile her charge. Thus, while Sykes initially began to diligently pursue her rights, the lag in time between when the office notified her of her filing error and when she filed a proper charge demonstrates that she did not exercise due diligence in preserving her legal rights. The Court finds no other exceptions that would justify tolling the filing requirement, and therefore Sykes's Title VII claim is time-barred.

Because courts prefer to decide cases on their merits rather than technicalities, Rule 12 dismissals such as the one recommended here ordinarily are made without prejudice. *See Great*

*Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, dismissal with prejudice is appropriate when a plaintiff could not successfully bring her claim even if given the opportunity to amend it and fix its facial deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016). Sykes's claims against American are time-barred, and any further amendments would be futile. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Thus, because Sykes cannot successfully bring a claim even if given the opportunity to amend her complaint, the Court should dismiss her Title VII claim with prejudice.

      **B.**      **Sykes's TCHRA claim is time-barred.**

To state a claim under the TCHRA, a plaintiff must file a charge of discrimination with the EEOC or the TCHR within 180 days after the alleged unlawful employment action. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004). Similar to Title VII, the TCHRA limitations period is "mandatory and jurisdictional" under Texas law. *Id.*; *see also Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996). Therefore, Sykes had until May 9, 2020, to file a TCHRA claim. Sykes, however, did not file any Charge of Discrimination with the Fort Worth Human Relations Commission until October 21, 2020, 165 days after the deadline for filing a claim under TCHRA deadline. ECF No. 8 at 81. Sykes has provided no reason or explanation while the Court should toll this deadline. Therefore, Sykes's TCHRA claim is time-barred and should be dismissed with prejudice as she cannot cure this defect.

      **C.**      **Sykes did not state a Title VII discrimination claim.**

Even if Sykes had filed her claims timely, she has not pleaded her discrimination claim with sufficient specificity. Although the plaintiff does not have to offer evidence to establish a prima facie case of discrimination at this stage, she must plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make her case plausible. *Chhim v. Univ. of Texas at*

7

*Austin*, 836 F.3d 467, 470 (5th Cir. 2016); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). In evaluating the plausibility of a claim, the Court uses the *McDonnell Douglas* framework. *Chimm*, 836 F.3d at 470; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under *McDonnell Douglas*, the plaintiff must show that she is a member of a protected group, was qualified for the position at issue, was discharged or suffered some adverse employment action by the employer, and was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

American does not dispute that Sykes is a member of a protected group since she is an African American woman or that it terminated her employment. Sykes alleges that she was qualified for the position at issue, stating that she worked ten years in aviation and received over fifty "Above and Beyond" certificates for customer service. ECF No. 8 at 18. American fired Sykes, which was an adverse employment action. However, Sykes has not pleaded facts to show that someone outside her protected group replaced her or that she was treated less favorably than other similarly situated employees outside the protected groups. Her only attempt to show unequal treatment is her allegation that Curtwright faced no negative consequences as a result of her racist comments. ECF No. 3 at 9; ECF No. 12 at 21. Standing alone, this allegation is not enough to show disparate treatment.

Moreover, Sykes did not plead that American had any discriminatory intent or racial animus when firing her. While she repeatedly argued that Curtwright discriminatorily referred to her as "you people." (ECF No. 3 at 8), Sykes did not plead any facts to show that American fired her due to the same sort of discriminatory animus. Simply stating in conclusory fashion that "the Company has consistently sided with Anglo-Caucasian perpetrators of racially discriminatory

8

actions against Sykes" without pleading any supporting facts does not establish American's discriminatory intent. ECF No. 3 at 9. Thus, Sykes's assertions that American fired her because of her race are conclusory and speculative and do not state a plausible employment discrimination claim.

### D. Sykes has not sufficiently pleaded a claim for Title VII retaliation.

At the Motion to Dismiss stage, a plaintiff must plead sufficient facts on all of the ultimate elements of a Title VII retaliation claim to make her cause plausible. *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244, 245 (5th Cir. 2017). Under Title VII, retaliation occurs when a plaintiff participated in an activity protected by Title VII, her employer took an adverse employment action against her, and a causal connection exists between the protected activity and the adverse employment action. *McCoy*, 492 F.3d at 556-57.

Sykes alleges that American fired her for reporting the discrimination that she faced. ECF No. 3 at 9. Thus, the Court assumes, given Sykes's *pro se* status, that the protected activity she alleges is reporting Curtwright's "you people" comments to her union representative. *Id.* at 8. However, engaging in a protected activity means opposing a practice that Title VII makes unlawful. *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021). Complaining about something that is not an unlawful employment practice is not sufficient. *Sanders v. City of Fort Worth*, No. 4:16-CV-1153-A, 2017 WL 1102709, at *3 (N.D. Tex. 2017).

A co-employee's "you people" comment is not inherently discriminatory without additional facts to show American's racial bias. *Stone v. Par. of E. Baton Rouge*, 329 F. App'x 542, 546 (5th Cir. 2009). Sykes, however, has not pleaded any facts surrounding the incident to suggest that American had a racial bias against her. Her initial complaint merely stated that Curtwright referred to Sykes as "you people." ECF No. 3 at 8. In her response to the Court's

9

Questionnaire, Sykes offered additional evidence that she met with Tim McMahon, one of the American employees who eventually decided to fire her, who stated that he did not see anything wrong with Curtwright's "you people" comment. ECF No. 12 at 21. Sykes then asserted that McMahon stopped another American employee from disagreeing with him on this issue. *Id*. However, these facts are not enough to link American's termination of her employment to any action regarding those comments. Therefore, despite her termination from employment, Sykes has not pleaded facts to show that she engaged in a protected activity, to link a protected activity to her termination, and to state a Title VII retaliation claim with sufficient specificity.

## IV.    CONCLUSION

Sykes neither filed a timely Charge of Discrimination with the EEOC or Texas Workforce Commission nor pleaded a sufficient Title VII discrimination or retaliation claim. Thus, after considering the pleadings and applicable legal authorities, and noting that any amendment of Sykes's pleadings would be futile, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** American Airlines' Motion to Dismiss (ECF No. 29) and **DISMISS** this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on February 14, 2023.

                                                                                       Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE